IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GROUP FILE OF JOSEPH MITCHELL, et al.,

Petitioner,

v.

KITTY RHODES, et al.,

Respondents.

OPINION & ORDER

16-cv-237-jdp

---

Joseph Mitchell, a person civilly committed to the Sand Ridge Secure Treatment Facility under Wis. Stat. Chapter 980, brings this lawsuit on behalf of himself and other Sand Ridge patients, stating that staff is not providing them proper treatment and is discriminating against them in job assignments at the facility. Mitchell styles this action as one for habeas corpus relief under 28 U.S.C. § 2254, and seeks release from Sand Ridge for himself and others. He also seeks money damages under the Federal Tort Claims Act. Mitchell paid the $5 filing fee for a habeas action.

There are numerous problems with Mitchell's petition. The most significant problem is that his claims clearly do not belong in a habeas corpus action. Although he seeks release from Sand Ridge, he does not challenge the legality of his or other patients' commitments. Instead, he contends that patients' constitutional rights have been violated by the employees there.[1] These claims belong in civil lawsuit brought under 42 U.S.C. § 1983 rather than this habeas lawsuit.

---

[1] Mitchell's claims do not belong under the Federal Tort Claims Act either, because that law allows persons to file a lawsuit against the United States for actions taken on the federal government's behalf. It does not cover claims against state officials.

I will not convert Mitchell's habeas petition into a civil rights lawsuit. *See Lopez v. Rios*, 553 F. App'x 610, 611 (7th Cir. 2014) (citations omitted) ("We have urged district courts to honor a prisoner's choice of claim and cautioned against converting collateral actions into other civil actions (because of the varying requirements and restrictions concerning inmate litigation, depending on the statute invoked)."); *see also Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) (deciding that the petitioner's complaint was "not amenable to conversion" because the named respondent (the warden) would almost certainly not be the correct defendant were the court to convert the claim to one pursuant to 42 U.S.C. § 1983). As I discuss further below, there are significant differences in the rules governing § 1983 litigation that Mitchell will have to consider if he wants to bring that type of lawsuit. Also, although Mitchell uses the phrase "et al." in the caption, the only respondent he identifies is the former secretary of the Department of Corrections, who would likely not be the proper defendant for a civil rights claim. I will therefore dismiss this petition.

But this dismissal will be without prejudice to Mitchell pursuing his claim in a new civil rights suit. Mitchell (and any patient joining his lawsuit) should be aware that any new suit would be governed by the provisions of the Prison Litigation Reform Act. Specifically, each patient listed as a plaintiff in the caption of the complaint will owe a separate filing fee[2] for the lawsuit, and each plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g) if the court determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted.

---

[2] The usual filing fee for a § 1983 action is $400. The fee for a plaintiff obtaining *in forma pauperis* status as an indigent filer is $350, and only a certain amount of that fee (as calculated by the clerk of court from the plaintiff's financial information) must be paid before the case proceeds. *See* 28 U.S.C. § 1915.

Mitchell should be aware that there are other problems with his petition he would need to fix before he could refile it as a § 1983 action. Mitchell names numerous other patients in his petition and states that they are entitled to damages and release as well. But I am not convinced that any of them mean to join Mitchell in this litigation. Mitchell is the only Sand Ridge patient who signed the documents he has filed in this case. Mitchell, who presumably is not licensed to practice law, cannot represent anyone else in this court. If Mitchell chooses to file a new § 1983 action about treatment at Sand Ridge, any patient seeking to join Mitchell as a plaintiff should be listed in the caption as a plaintiff and must sign all documents submitted by the plaintiffs. Another way patients could proceed in a lawsuit together is in a class action under Federal Rule of Civil Procedure 23, but it is far too early to tell whether the claims in this case would be appropriate to litigate in a class action. Rule 23 contains strict rules for whether a class is appropriate,[3] and counsel would need to be located to represent the class.

Mitchell would also need to amend his vague allegations to better explain what facility officials are doing to violate his and other patients' rights. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a

---

[3] Under Rule 23(a), this court may certify a class only when (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties fairly and adequately protect the interests of the class.

3

valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Mitchell does not explain the sequence of events that led to the violation of his and other patients' rights, and he does not explain who was responsible for those violations. If he chooses to file a new lawsuit, he should draft his complaint as if he were telling a story to people who know nothing about his situation. In particular, he should (1) name each person he wishes to sue as a defendant in the caption of the complaint; (2) explain what each defendant did to harm him or other patients; and (3) explain how he was harmed.

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a habeas petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Mitchell does not bring any claims that belong in a habeas petition. Because reasonable jurists would not debate whether a different result was required, I will not issue Mitchell a certificate of appealability.

4

ORDER

IT IS ORDERED that:

1. Petitioner Joseph Mitchell's petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1, is DENIED, and this case is DISMISSED. The clerk of court is directed to enter judgment for respondents and close this case.

2. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered December 14, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5